MARK C. BURNSIDE (State Bar No. 323824)
  markburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Ave., 27th Floor
Los Angeles, California  90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorney for Defendants
WALT DISNEY PARKS AND RESORTS U.S., INC.;
DISNEY ENTERPRISES, INC.; THOMAS MAZLOUM;
and AMY HERNANDEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RIOS,<br><br>              Plaintiff,<br><br>   v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., DISNEYLAND RESORT; DISNEY ENTERPRISES, INC.; THOMAS MAZLOUM; AMY HERNANDEZ; and DOES 1-50,<br><br>              Defendants. | Case No. 25-1676<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441, AND 1446 (FEDERAL QUESTION)**<br><br>[Removed from the Superior Court of California, County of Orange, Case No. 30-2025-01477298-CU-MC-NJC]<br><br>Removal Date: July 30, 2025<br>Filing Date: April 21, 2025 |

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Walt Disney Parks and Resorts U.S., Inc. ("WDPR"); Disney Enterprises, Inc.; Thomas Mazloum; and Amy Hernandez ("Defendants")[1] remove this case,[2] originally filed in the Superior Court of the State of California, in the County of Orange, to the United States District Court for the Central District of California.  In support of this Notice of Removal, Defendants state and allege the following:

1.    On April 21, 2025, Plaintiff Alejandro Rios filed a complaint, naming Defendants Walt Disney Parks and Resorts U.S., Inc.; Disney Enterprises, Inc.; and Amy Hernandez, in the Superior Court of the State of California in the County of Orange, entitled *Alejandro Rios v. Walt Disney Parks and Resorts U.S., Inc., et al.*, Case No. 30-2025-01477298-CU-MC-NJC (the "State Court Action").

2.    On May 6, 2025, Plaintiff filed a First Amended Complaint (the "FAC") in the State Court Action, naming the same parties to the dispute along with Defendant Thomas Mazloum.

3.    The FAC asserts a federal claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., as well as claims for violation of the Unruh Civil Rights Act, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, breach of the implied covenant of good faith and fair dealing, assault, false imprisonment/unlawful detention, and

---

[1] In the complaint and the First Amended Complaint, Plaintiff incorrectly identified as a party to this dispute "Disneyland Resort."  The Disneyland Resort is not a separate legal entity, and is a fictitious name of Walt Disney Parks and Resorts U.S., Inc.  The sole correct Defendant is Walt Disney Parks and Resorts U.S., Inc.
[2] By filing this Notice of Removal, Defendants neither consent to nor waive service of process in this action.  Defendants reserve all rights to object to improper service of process and the resultant lack of personal jurisdiction in its first responsive pleading or by way of motion under Fed. R. Civ. P. 12(b).

1

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

violations of the Unfair Business Practices Act, relating to an alleged incident on April 9, 2025 at the Disneyland Resort.

4.     This Notice of Removal is timely filed within thirty days of the case becoming removable.  *See* 28 U.S.C. § 1446(b)(1).  Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  The 30-day period runs from the date the complaint was formally served on the defendant.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  WDPR was served with the FAC on June 30, 2025.  This Notice of Removal is therefore timely filed within 30 days of Plaintiff's service of the FAC on WDPR.[3]  None of the defendants have filed a response to Plaintiff's complaint or the FAC in the State Court Action.

5.     Removal of this case is proper under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.     Venue is proper pursuant to 28 U.S.C. § 1446(a) and 1441(a) because the United States District Court for the Central District of California is the federal judicial district and division embracing the Superior Court of the State of California, County of Orange, where Plaintiff filed the State Court Action.  28 U.S.C. § 84(c)(3).

---

[3] Defendants have no record of being served before June 30, 2025.  However, to the extent this Notice of Removal is interpreted as being filed by a later-served defendant, WDPR invokes the later-served defendant rule under 28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (endorsing the later-served defendant rule and holding that "each defendant is entitled to thirty days to exercise his removal rights after being served.").

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

NOTICE OF REMOVAL

7.      In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendants are attached as **Exhibit A**.

8.      Promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiff, who is the only adverse party, and will file a written notice of this removal with the Clerk of the Superior Court of the State of California,  County of Orange pursuant to 28 U.S.C. § 1446(d).

9.      This action is one over which this Court has original jurisdiction under federal question jurisdiction.  Federal question jurisdiction exists under Section 1331 where the complaint asserts a claim "arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331; *see Etheridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393-94 (9th Cir. 1988).  "When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under" federal law and therefore may be removed to federal court."  *Etheridge*, 861 F.2d at 1394 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1394 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)).

10.      Here, on the face of the FAC, Plaintiff explicitly alleges violations of and seeks remedies under federal law: the ADA (42 U.S.C. § 12101 *et seq.*).  *See, e.g.*, FAC ¶¶ 44-51 ("Title III of the ADA prohibits discrimination on the basis of disability. … 42 U.S.C. § 12182(a) mandates that no individual shall be discriminated against in … any place of public accommodation. … Under 42 U.S.C. § 12188(a), Mr. Rios is entitled to injunctive relief to remedy the ongoing discrimination. … 42 U.S.C. § 12205 authorizes the recovery of attorneys' fees, litigation expenses, and costs for the prevailing party *in an ADA action*.") (emphasis added); Prayer for Relief ¶¶ 1-3, 5.  As such, this action arises under the

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Constitution, laws, or treaties of the United States, rendering federal question jurisdiction proper.

11.    Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all other claims in the State Court Action because they are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy. *See Nishimoto v. Federman-Bachrach & Asso*c., 903 F.2d 709, 714 (9th Cir. 1990).

12.    By filing this Notice of Removal, Defendants do not waive, either expressly or impliedly, any defense that they have or may have against Plaintiff, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.  Defendants reserve the right to amend or supplement this Notice of Removal, and reserve their right to move to dismiss the action for failure to state a claim.

WHEREFORE, Defendants give notice that the State Court Action pending in the Superior Court of the State of California for the County of Orange is removed to the United States District Court for the Central District of California.

DATED: July 30, 2025                DAVIS WRIGHT TREMAINE LLP

By: /s/ Mark C. Burnside
     Mark C. Burnside

Attorney for Defendants
WALT DISNEY PARKS AND RESORTS
U.S., INC.; DISNEY ENTERPRISES,
INC.; THOMAS MAZLOUM; and AMY
HERNANDEZ

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 27th Floor, 350 South Grand Avenue, Los Angeles, California 90071-3487.

On July 30, 2025, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441, AND 1446 (FEDERAL QUESTION)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Alejandro Rios
411 E. Huntington Drive, #107
Arcadia, CA  91006
Telephone:  (626) 478.4539
Email:  elzorbo.bigballs@gmail.com

*In Pro Per*

**(U.S. MAIL)** - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on July 30, 2025, at Los Angeles, California.

PROOF OF SERVICE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Shari Sanders | /s/Shari Sanders |
|---|---|
| Print Name | Signature |

PROOF OF SERVICE

2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899